# The Fox Chase Bank, Appellant, *v.* Wayne Junction Trust Company.

*Practice, Supreme Court—Assignments of error—Quoting order of court.*

1. An assignment of error which alleges that the court erred in discharging a rule for judgment, without setting out in terms the order of the court, is not in proper form, and upon motion the appeal will be quashed.

*Affidavits of defense—Insufficient averments—Rule for judgment—Practice, C. P.*

2. Upon an appeal from the action of the court below in discharging a rule for judgment for want of a sufficient affidavit of defense, the judgment will not be reversed where it appears that there are several important questions in the case, some of which at least can be more intelligently ruled after testimony has been heard, and that the merits of the case can better be determined after the facts have been fully developed before the court and jury.

Argued March 25, 1915. Appeal, No. 400, January T., 1914, by plaintiff, from order of C. P. No. 1, Philadelphia Co., June T., 1914, No. 1777, refusing judgment for want of a sufficient affidavit of defense, in case of The Fox Chase Bank v. Wayne Junction Trust Company. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of indemnity.

Rule for judgment for want of a sufficient affidavit of defense.    Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

The court discharged plaintiff's rule for judgment for want of a sufficient affidavit of defense.    Plaintiff appealed.

*Error assigned* was the order of the court.

*A. M. Beitler,* with him *George W. Harkins, Jr.,* for appellant.

*Wayne P. Rambo,* with him *Robert Mair* and *Ormond Rambo,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, July 3, 1915:

We think the merits of this case can be better determined after the facts have been fully developed before the court and a jury.    There are several important questions in the case, as suggested by the learned court, and some of these at least can be more intelligently ruled after the testimony has been heard.    It may be that the essential facts will not be controverted or be conceded and the court can determine the issue as a matter of law without sending the case to a jury.    We do not refuse judgment for the reason assigned in the opinion of the learned judge below which no doubt was hastily prepared and without an opportunity to consider fully the terms of the policy and the diffuse and somewhat involved affidavit of defense.    We express no opinion on the correctness of the ruling of the court on the one point which was held to be sufficient to prevent judgment, leaving it and the other questions to be determined on the trial of the cause in the Common Pleas.

Had a motion to quash this appeal been made, it must have prevailed.    There is only one assignment of error and it does not comply with the rules of court.    It al-

leges the court erred in discharging the rule for judgment instead of setting out in terms the order of the court, as we have time and again ruled should be done.

The order is affirmed.